**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

FILED

**January 28, 1999**

**Cecil Crowson, Jr.
Appellate Court
Clerk**

| | |
|---|---|
| In Re: THE ESTATE OF MILDRED M. VERKSTROM, deceased, | ) C/A NO. 03A01-9808-CH-00267<br>)<br>) SULLIVAN PROBATE<br>) NO. P-95-7553(L) |
| --------------------------------------------------- | ) |
| GORMAN WADDELL, Co-Executor of the Estate of Mildred M. Verkstrom, | ) SULLIVAN CHANCERY<br>) NO. 27243(M) |
| Plaintiff-Appellee, | )<br>) HON. RICHARD E. LADD, |
| v. | ) CHANCELLOR<br>) |
| EDNA M. GODWIN, | )<br>) |
| Defendant-Appellant, | ) |
| --------------------------------------------------- | ) |
| GORMAN WADDELL, Co-Executor of the Estate of Mildred M. Verkstrom, | ) SULLIVAN CHANCERY<br>) NO. 27244(L) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BERNICE GATES, Co-Executrix, and BANK OF TENNESSEE, | )<br>)<br>) AFFIRMED |
| | ) AND |
| Defendants. | ) REMANDED |

ROBERT L. ARRINGTON and WILLIAM S. LEWIS, MOORE, STOUT, WADDELL & LEDFORD. P.C., Kingsport, for Plaintiff-Appellee.

PAUL A. HARR, Kingsport, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

In this declaratory judgment action, the issue on appeal is whether the

monies in an account established by the deceased belongs to her Estate, or passed by operation of law to appellant, Edna M. Godwin.

The deceased opened the account in question in 1972 in her name, and in 1980 added Bernice M. Gates as another signature on the account. On January 24, 1989, decedent deleted Gates' name from the account and executed a new signature card as the sole owner and signatory on the account. On May 27, 1994, another signature card was executed by the deceased and Edna Godwin. Subsequent to decedent's death, and after some payments were made from the account, the appellant transferred the balance of $120,000.00 to herself.

Following trial on the stated issue, the Chancellor, in his Memorandum Opinion, said:

> I find that when she [Mrs. Verkstrom] added either sisters name, whether it be Mrs. Gates . . . or Mrs. Gates and/or Mrs. Godwin . . . that the intent was simply to be an additional signature in the case of her disability could have drawn on the account to take care of her in the nature of a power of attorney type situation. . . . Mrs. Verkstrom's intent is further shown in Exhibit #4, . . . First, that the original signature card of 1972 had only Mrs. Verkstrom's name. The card of August 8, 1980, which is the second card and which added Bernice Gates indicia that Mrs. Verkstrom did not intend right of survivorship except to have the sister have the power to draw on the account is a fact that in the title of the card it did not have right of survivorship shown. In the title of the card it's written on there that Mrs. Verkstrom is the only one that's to get the bank statement. And added on the back of the card it says "add new signature" as the purpose of the card. . . . In the card of 1989, which is C on Exhibit #4, Mrs. Verkstrom shows her intent once again by putting the account back into her name only. Then on the last card of May 27, 1994, D of Exhibit #4, the title of the account is Mildred M. Verkstrom or Edna Godwin, not and. There's a place on there to check if it's to be joint tenants with right of survivorship. That is not checked. And the title of the card is not listed with right of survivorship. And on the back of the card is an explanation for the new card and it says to change name title only. It does not say anything about right of survivorship. So those are the indicia then to support my finding that the intent of Mrs. Verkstrom and her sister all through this was that the property would remain Mrs. Verkstrom's and therefore the property in both accounts would go into her estate.

The evidence does not preponderate against the factual determinations made by the Chancellor. T.R.A.P. Rule 13(d).

2

The signature card executed on January 24, 1989, shows the style of the account as "Mildred M. Verkstrom". The next signature card on this account indicates that the account was an existing account, but opened on May 27, 1994, the style of the account being "Mildred M. Verkstrom or Edna Godwin". The account signature card was signed by Mildred M. Verkstrom and Edna Godwin, and immediately above their signatures, the following appears:

> Should this account be in the names of, payable to, or subject to withdrawal by two or more natural persons, depositor(s), designate(s), ownership interests shown in the account title above or as checked below.
>
> [Not filled in] Joint tenants with right of survivorship, and
> [Not filled in] Additional authorized signer (Power of Attorney).
>
> By his/her signature(s) hereon Depositor(s) certifies the above and acknowledges receipt of the Depositor Agreement with disclosures for the Account indicated, and agrees to be bound by its terms as well as any changes or additions hereafter adopted by bank.

The account was essentially renewed on January 24, 1989, and Godwin's name was added to the account on May 27, 1994, which changes occurred after the effective date of the 1989 amendment to T.C.A. §45-2-703. Any pertinent provisions of that Act are applicable to this account. *See, In Re: Estate of Nichols*, 856 S.W.2d 397, 398 (Tenn. 1993).

Appellant offered evidence that the bank had classified the account in its records as a joint account with right of survivorship. The Chancellor properly rejected this as controlling, and pointed out that in the account title there was no indication that the account was a joint account with the right of survivorship. The bank's customer service representative who assisted deceased with the preparation of the signature card in 1994, had no independent recollection of whether the deceased intended to establish the account as a joint tenancy with the right of survivorship. She did testify that she had been instructed by the bank to only put both names in the account title if it was to be a right of survivorship account. The record establishes that the bank's customer

service manual's instructions on opening an account is that in the event that the account is subject to withdrawls of two or more individuals, then the ownership interest must be set forth in the account title at the top of the signature card, or as checked in one of the designated boxes above the signature lines. It also requires that one of the boxes must be checked.[1]

Under T.C.A. §45-2-703, a designation by the depositor of joint tenancy with right of survivorship is conclusive evidence of the intention of all named that the account proceeds pass to the survivor, but with the designation of "additional authorized signatory" it is conclusive that the person so designated has power of attorney with respect to such account and is not an owner of such account. Under T.C.A. §45-2-703, where there is no designation of joint tenancy with a right of survivorship, or designation of "additional authorized signatory", accounts held by joint tenants carry no right of survivorship unless a contrary intention is expressly stated.[2] Since none of the statutory designations is stated on the signatory card,

---

[1]

The document in pertinent part states:

Remember, should the account be in the names of, payable to, or subject to withdrawal by two or more individuals, then the ownership interest must be shown in the account title at the top of the signature card or as checked in one of the designated blocks. Bank policy requires one of the blanks on the signature card to be checked. This must be done before or at the time the customer signs the card.

If a card involving multiple depositors is submitted CIF without an adequate description of ownership interest (either in the styling or by checking the appropriate block), the card will not be returned and you will be required to obtain another signed card with the appropriate ownership interests designated.

[2]

**T.C.A. §45-2-703.(e)**. Accounts described in subsection (c) shall establish the following interests:

. . . (4) In the absence of any specific designation in accordance with subsection (d), property held under the title, tenancy by the entireties, carries a right of survivorship; property held under the title, joint tenancy, carries no right of survivorship unless a contrary intention is expressly stated. Any other person to whose order the accounts or certificate of deposit is subject shall be presumed to have power of attorney with respect thereto and not to be an owner thereof. Such presumptions may be rebutted by clear and convincing evidence presented in the course of legal or equitable proceedings. Final judicial determinations contrary to such presumptions shall not affect a bank's earlier payment in accordance therewith, or the limitations on liability conferred by the provisions of subsections (a) and (b)

T.C.A. §45-2-703(e)(4) is applicable, which establishes the presumption that the appellant had possessed the power of attorney over the account, but not as an owner. It was stipulated that the appellant did not deposit any of the funds in the account and claimed no prior ownership in any of the funds. There is no clear and convincing evidence to rebut the presumption that appellant possessed anything other than a power of attorney relating to the account.

We affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellant.

\_\_\_\_

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Charles D. Susano, Jr., J.

---

or §45-2-707.